[No. 590.  Decided January 29, 1890.]

J. J. KNOFF v. THE PUGET SOUND CO-OPERATIVE COLONY.

JUSTICE OF PEACE — JURISDICTION — APPEAL — AMENDMENT
OF RETURN.

On an objection raised by a corporation, in an action against it before a justice of the peace, that its principal place of business is in another county than the one where the action is brought, the defendant in the absence of any offer to amend the return of service, or make other showing to aid the jurisdiction of the justice, may have the action dismissed without prejudice, under the provisions of § 1780, Code Wash. T.

Under the provisions of said § 1780 the defendant may take advantage, on appeal, of any error in overruling its objections, even after a trial upon the merits.

On an appeal from a justice of the peace to the district court the constable's return cannot be amended for the purpose of aiding the transcript from the lower court, and showing jurisdiction in the justice.

*Error to District Court, King County.*

The facts are fully stated in the opinion.

*Richard Osborn* and *Reed & Clark* for plaintiff in error.

Upon motion the return of an officer will always be permitted to be amended. Crocker on Sheriffs, § 43; Murfree on Sheriffs, §§ 878, 880; *Wilcox v. Moudy,* 89 Ind. 232; Code Wash. T., § 109.

Even after judgment will amendment be allowed. *Perry v. Lyman,* 22 Barbour, 137; *Toledo, etc., R. R. Co. v. Butler,* 53 Ill. 323; *McClure v. Wells, adm'x,* 46 Mo. 311; *Board, etc., v. Beckwith,* 10 Kan. 453; 12 W. Va. 750; *Richards v. Ladd,* 6 Sawy. C. C. 40; *Snyder v. Sullivan,* 59 How. Pr. 404; *Allison v. Thomas,* 1 Am. Rep. 89; *Shelmeyer v. Goff,* 112 Ill. 29; *Rogers v. Holman,* 13 Ill. 294.

Under the law and facts disclosed by the record, the justice had jurisdiction over the defendant. §§ 49, 1710, 1714, 63 and 758, Code Wash. T.

But even if there was a defect in the service, or there was a failure to show all jurisdictional facts on the face of the record, the offered amendment to the return of the constable, and the affidavit in support thereof, supplied the defect. *O'Brien v. Caslin*, 20 Neb. 247; *Hefflin v. McMinn*, 20 Am. Dec. 58; *Hunt v. Farmers' Ins. Co.*, 67 Iowa, 742.

But had the notice and return of service thereof been insufficient, the defendant in error, by pleading to the merits, waived any irregularity or insufficiency, and he cannot thereafter object to the manner in which he was brought in. *Austin v. Burroughs*, 28 N. W. Rep. 865; *Baker v. Knickerbocker Life Ins. Co.*, 24 Wis. 630; *Stephenson Ins. Co. v. Dunn*, 45 Ill. 211; *Smith v. Elder*, 3 Johns. 115; *Wheeler v. Sampson*, 14 Johns. 481; *Flanders v. Ætna Ins Co.*, 4 Mass. 158; Wells on Jurisdiction, § 45.

Defects in summons, or want of one, are unimportant when defendant appears and submits to jurisdiction. *Baldwin v. Murphy*, 82 Ill. 485; 77 N. C. 72. Applying for continuance is a waiver of such defects. *Thayer v. Dove*, 8 Blackf. 567. Appeal cures defect in service. *Curtis v. Jackson*, 23 Minn. 539.

Appearance and pleadings to the merits is a waiver of objection that the suit was brought in the wrong county. *Kane v. U. P. R. R. Co.*, 5 Neb. 105; *Cleveland, etc., R. R. Co. v. Mara*, 26 Ohio, 185; *Adams Express Co. v. Hill*, 43 Ind. 157; *Brown v. Waber*, 6 Cush. 560; *Brown v. Sutherland*, 44 Ala. 278; *Damp v. Dean*, 29 Wis. 419.

*W. S. Bush*, for defendant in error.

Section 1780 of the code provides that if a suit be brought in the wrong county it may be dismissed with costs if objected to. If the justice refuses to dismiss, the defendant by objecting saves his right to appear and have the judgment reversed for want of jurisdiction.

Motion for leave to amend the constable's return should have been made before the justice. *Lyman v. Milton,* 44 Cal. 634; *Kent v. West,* 50 Cal. 186; *Wedel v. Green,* 38 N. W. Rep. 639.

The issue before the justice shall be tried in the district court without other or new pleadings, unless otherwise directed by the court. Code Wash. T., ? 1864; *Satterlee v. Bliss,* 36 Cal. 521; *Doerfler v. Schmidt,* 64 Cal.. 265; *Reynolds v. Reynolds,* 67 Cal. 187.

The justice's court, being a court of limited statutory jurisdiction, the record of the court must show jurisdiction. The court cannot presume that the business office of the defendant was in King county, or that the president of the defendant corporation resided there. *United States v. Ross,* 92 U. S. 284–5; *Settlemeir v. Sullivan,* 97 U. S. 447; *Turner v. Bank of North America,* 4 Dall. 8; *Continental Ins. Co. v. Rhoads,* 119 U. S. 237–8.

With respect to courts of special and limited authority, there is no presumption of law in favor of their jurisdiction; that must affirmatively appear by sufficient evidence or proper averment in the record, or their judgments will be deemed void on their face. *Galpin v. Page,* 18 Wall. 366; *Winter v. Fitzpatrick,* 35 Cal. 273.

No jurisdiction over corporations, whose residence is in other counties, is given justices of the peace. ?? 1702 and 1706, Code Wash. T.

The principal place of business of a corporation is its residence. *Jenkins v. California Stage Co.,* 22 Cal. 538; *Cohn v. Central, etc., R. R. Co.,* 71 Cal. 489; *Miner v. Village of Fredonia,* 27 N. Y. 160; *Holgate v. Oregon, etc., R. R. Co.,* 17 Pac. Rep. 859.

The opinion of the court was delivered by

HOYT, J. — Plaintiff filed with a justice of the peace for Seattle precinct, King county, a complaint as follows:

" The plaintiff complains and alleges:

"1. That the defendant now is and was, at all times herein mentioned, a corporation organized and existing under the laws of Washington Territory.

"2. That on the 30th day of September, 1887, an account was stated between the plaintiff and the defendant, and, upon such a statement, a balance of $224.95 was found due to the plaintiff from the defendant.

"3. That the defendant agreed to pay the plaintiff the said balance of $224.95.

"4. That the defendant has not paid the said sum of money, or any part thereof, except the sum of $50, paid October 3, 1887;" concluding with a prayer for judgment; and thereupon said justice issued a notice and delivered the same to an officer, who made a return of service thereof, which return, together with the notice, were substantially as follows:

"To Puget Sound Co-operative Colony: You are hereby notified to be and appear at my office in Seattle, King county, Washington Territory, on the 16th day of November, 1887, at the hour of 1 o'clock P. M., to answer to foregoing complaint, or judgment will be taken against you as confessed, and the prayer of the complaint granted."

"I hereby certify that I received the within complaint and notice this 8th day of November, A. D. 1887, and on the same day I served the same in Seattle, King county, Washington Territory, by delivering into the hands of George Venable Smith, president of the Puget Sound Co-operative Colony, a copy certified by me to be a true and correct copy of the original complaint and notice."

On the return day of said notice the defendant appeared, specially, and objected to the proceedings, and moved the court to dismiss the suit for the reason that said notice and the return thereof, gave the court no jurisdiction of the defendant, and for the further reason that the action had been brought in the wrong county; and, in support of the latter point, filed a certified copy of its articles of incorporation, and the affidavit of its president, showing that

its principal place of business was not in King county, but was in the county of Clallam.

The justice denied the motion and proceeded to trial, and rendered judgment against the defendant, which, thereupon, prosecuted its appeal to the district court, and there renewed the motion which had been denied by the justice.

The court granted said motion, and reversed the judgment of the lower court and dismissed the suit, to which action plaintiff excepted and assigned error thereon, and here seeks a reversal thereof.

We do not decide as to the sufficiency of the notice and return thereof, above set forth, to sustain the judgment if there had been no appearance by the corporation, for, even if it was, still the objection of the defendant, and its showing that its principal place of business was in Clallam county, established *prima facie* the fact that the suit had been brought in the wrong county, and, in the absence of any offer to amend the return of service, or make other showing to aid the jurisdiction of the justice, he should have found that the case was within the provisions of the third subdivision of § 1780 of the code, and should have granted defendant's motion to dismiss.

Plaintiff, however, claims that even if the above position is true, yet as the defendant, after the denial of its motion, answered the complaint and prosecuted its appeal from a judgment on the merits, it waived said motion, and could not thereafter take advantage thereof.

As to the effect of an answer on the merits, upon the right to assign error upon rulings prior to such answer in an ordinary case, it is not now necessary to decide, as the plain intent of said § 1780 is to allow the defendant to take advantage, on appeal, of any error in overruling its objection, even after a trial upon the merits.   Under the provisions of said section the judgment of the justice, even after objection well taken, is not void, but only voidable, and if

the defendant could have no relief on appeal it would be without remedy.

The action of the justice, upon the papers before him, was erroneous, and it became the duty of the district court to reverse the judgment.

When the cause came on in the appellate court, plaintiff, evidently seeing the force of the defendant's position upon the record as it stood, suggested, by affidavit of the constable who made service of the process, that all of the facts connected with such service did not appear from the return thereof, and therefore moved that said constable be allowed to file an amended return. This motion was denied, and such denial is also assigned as error. We think this ruling was correct, as the transcript from the lower court could not be thus aided.

It is true that courts are liberal in allowing amendments necessary to sustain judgments rendered therein; but this liberal rule does not apply to amendments in one court to proceedings had in another, and nearly or quite all of the large number of cases which the diligence of counsel for plaintiff has produced will be found to refer to the amendments of proceedings in the same court.

But if this was not so and the rule was as contended for by plaintiff, the result in this case would be the same, for the reason that the allowance of such amendments is in the sound discretion of the court, and there is nothing in this record to satisfy us that such discretion has been abused.

It follows that the district court committed no error, and that the judgment therein rendered must be affirmed, with costs.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.